**CHUN LI, Petitioner,**

**v.**

**Michael B. MUKASEY,[1] United States Department of Justice, Respondents.**

**No. 07–1184–ag.**

United States Court of Appeals, Second Circuit.

Jan. 16, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Yee Ling Poon (Robert Duk–Hwan Kim, on the brief), New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, Shelley R. Goad, Senior Litigation Counsel, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Chun Li, a native and citizen of China, seeks review of the March 13, 2007 order of the BIA affirming the November 23, 2005 decision of Immigration Judge ("IJ") Alan Page denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Li,* No. A97–390–693 (B.I.A. Mar. 13, 2007), *aff'g* No. A97–390–693 (Immig. Ct. N.Y. City Nov. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—including any portion of the IJ's decision that are not discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). The Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see e.g., Manzur v. U.S. Dep't of Homeland Security,* 494 F.3d 281, 289 (2d Cir. 2007). We review de novo questions of law and the application of law to fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The agency supported its adverse credibility finding with several material inconsistencies between Li's testimony and his description of events during his credible fear interview. At his hearing, Li testified the first time he encountered police was when they came to his home to arrest him, at which time his father suspected that they were coming for Li due to his sale of Falun Gong materials. Li testified that he was "not clear" at the time why the police came to arrest him at the house and how they actually found out he was selling Falun Gong material. At his credible fear interview, Li said that the officers had previously inspected his book stand and directly threatened to arrest him and close his store. Also, Li claimed at his credible fear interview that he was personally accused of being a Falun Gong follower, an occurrence he did not mention at his hearing. *See Gao v. U.S. Att'y General,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam) (holding that an IJ's adverse credibility finding was supported by substantial evidence in part because of substantial differences between the applicant's testimony

and statements made during the asylum interview).

This record supports the agency's finding. Although Li attempted to explain the contradictions, no reasonable fact-finder would have been "compelled" to accept his explanations. *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Li's argument that the credible fear interview notes are unreliable is unavailing, where the notes are detailed and typewritten with both questions and answers that center around the material elements of his asylum claim. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004). Moreover, these discrepancies were "substantial" when measured against the record as a whole. *See Secaida–Rosales,* 331 F.3d at 308–09. They called into question whether Li was ever suspected of selling Falun Gong materials and therefore whether his fear of persecution is subjectively and objectively reasonable. *See Liang Chen v. U.S. Att'y General,* 454 F.3d 103, 107 (2d Cir.2006)

Because Li failed to establish past persecution, he was not entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because Li was found not credible, he failed to show the necessary subjective basis for a well-founded fear of future persecution. *Ramsameachire,* 357 F.3d at 183. Thus, the agency's denial of asylum was proper. In addition, because Li's claims for withholding of removal and CAT relief were premised on the same factual basis as his asylum claim, the adverse credibility determination as to his asylum claim necessarily precludes success on his other claims. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006) (withholding); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005) (CAT).

Li argues that the agency erred in ruling that he failed to discharge his burden of proof for CAT relief. Unlike asylum and withholding of removal, an applicant for CAT relief need not show that his claimed fear bears a nexus to a protected ground. 8 C.F.R. §§ 1208.16, 1208.17. However, Li fails to point to any evidence that someone in his particular circumstances will more likely than not face torture in China on the basis of having departed illegally. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED.